IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR03-T |
| | ) | [WO] |
| LARRY WOMACK | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

Pending before the court is the defendant's Motion To Suppress, filed on 20 April 2005 (Doc. # 14), and the government's response to the motion, filed on 27 April 2005 (Doc. # 17). The instant prosecution arose from the defendant's re-indictment on the same charges pending in a previous case, Case No. 2:04CR116-T. The indictment in that case was dismissed at the defendant's request, without objection from the government.

The text of the Motion To Suppress and the issues it raises are precisely the same as the motion to suppress filed in the 2004 case. On 1 December 2004, the court adopted a Recommendation in the previous case, denying the motion to suppress, over the defendant's objection, for the reasons stated in the Recommendation (Doc. # 34, adopting Doc. # 25).[1]

**II.  DISCUSSION**

Because the issues in the motion were litigated in the earlier criminal prosecution, the

---

[1] At the status conference conducted on 28 April 2005, the defendant acknowledged that the two motions were identical and that the instant motion was filed to preserve the issues for appeal in this case.

motion should be dismissed on the ground of *res judicata*.

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. *See, e.g., Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S. Ct. 892, 894 n. 1, 79 L. Ed. 2d 56 (1984); *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir. 1985). In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases. *See, e.g., Hart v. Yamaha-Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir. 1986); *Ray v. Tennessee Valley Authority*, 677 F.2d 818, 821 (11th Cir. 1982), *cert. denied*, 459 U.S. 1147, 103 S. Ct. 788, 74 L. Ed. 2d 994 (1983).

***I.A. Durbin, Inc. v. Jefferson Nat'l Bank***, 793 F.2d 1541, 1549 (11th Cir. 1986).

The circumstances of the instant case satisfy the elements recited above.[2] The court's order adopting the Recommendation was a ruling on the merits of the motion by a court of

---

[2] *Res judicata* is probably a more apt basis for denial of the motion to suppress than the doctrine of collateral estoppel. Res judicata refers to *claim preclusion*, while collateral estoppel refers to *issue preclusion*. To be sure, the issues raised in the motion to suppress are precluded in this case, but a motion to suppress is actually a claim (or perhaps even a "criminal counterclaim") that, because of the alleged Fourth Amendment violation, the prosecution is invalid. Even if the court considered collateral estoppel as the more appropriate analytical route for determination of the motion, the procedural circumstances of the two prosecutions would still preclude re-litigation of the issues of fact and law that were actually litigated in the earlier case. The prerequisites to the application of collateral estoppel are: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. **Greenblatt v. Drexel Burnham Lambert, Inc.**, 763 F.2d 1352, 1360 (11th Cir. 1985); **Precision Air Parts, Inc. v. Avco Corp.**, 736 F.2d 1499, 1501, 1504 (11th Cir. 1984), *cert. denied*, 469 U.S. 1191 (1985).

competent jurisdiction.³ The parties were the same, i.e., the government and the defendant, and the previous prosecution involved the same "cause of action", or charges, as the instant prosecution.⁴ Thus, the application of the doctrine of res judicata precludes re-litigation in this case of the issues raised in the motion to suppress. See *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion to suppress (Doc. # 14) be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 11 May 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

---

³Clearly, the court's order did not conclude the prosecution, but the legal merits of the motion itself were concluded, and in view of the evidence in the case, the denial of the motion would have had a material effect on the outcome of the prosecution.

⁴Arguably, even if the defendant alleged different grounds for his motion to suppress in this case, he would still be precluded from doing so. *Res judicata* acts as a bar "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Manning v. City of Auburn,* 953 F.2d 1355, 1358-59 (11th Cir. 1994) (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990) (internal quotation omitted)).

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 29th day of April, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE